James M. Edwards, as Surviving Partner of the Firm of Johnson & Edwards, Appellant, *v.* The Atlas Improvement Company and Patrick H. Flynn, Respondents.

*Agreement " to be at the expense of all actions and legal proceedings necessary for obtaining or maintaining the franchises" of a railroad — the fees of an attorney employed by the party with whom the agreement is made are not covered thereby.*

Prior to April, 1894, The Atlas Improvement Company undertook the completion of a contract for acquiring and perfecting the right and franchise to build and operate, and also to construct, an electric street surface railroad in Kings county upon the routes of the Nassau Electric Railroad Company and of certain other railroad companies.    April 12, 1894, the firm of Johnson & Edwards entered into a contract with The Atlas Improvement Company and one Flynn which recited that Johnson & Edwards contemplated obtaining a contract for the construction and equipment of the projected railroads, and which contained a covenant upon the part of The Atlas Improvement Company and Flynn that the railroad companies then had or would obtain the right to construct, equip and operate at least fifteen miles of continuous double track during the year 1894 on either of two routes therein specified and for the construction, equipment and operation of the remainder of the railroad prior to the 1st day of June, 1897.

The contract further provided as follows: The Atlas Improvement Company and Flynn "jointly and severally further agree to be at the expense of all actions and legal proceedings necessary for obtaining or maintaining the franchises of the said railroad companies to construct, maintain and operate the proposed railroad on the routes mentioned in said construction contract till, as to each separate action or proceeding, as it may be necessary to bring or defend, one favorable judicial decision has been obtained, all further expense in any action or proceeding after one favorable judicial decision has been obtained to be borne by the said Nassau Electric Railroad Company."

The validity of a resolution of the common council of the city of Brooklyn adopted June 19, 1893, on the application of the Nassau Electric Railroad

Company and of another railroad company, granting the right to construct a railroad along certain routes therein specified was essential to the right to construct the fifteen miles of double track during the year 1894 along either route specified in the quoted clause of the agreement of April 12, 1894.

December 8, 1893, a property owner brought an action against the Nassau Company and others to annul said grant by the common council and to enjoin the construction of the railroad thereunder. The railroad companies appeared in that action by their respective attorneys, who were both reputable and competent. This action was pending at the time the agreement of April 12, 1894, was made.

Prior to the trial of the action Johnson & Edwards, who, in the meantime, had begun the construction of the railroad, were permitted by The Atlas Improvement Company and Flynn and the defendants in the action to participate in the defense of said action through attorneys employed by them individually. The litigation finally resulted in the dismissal of the complaint and Johnson & Edwards paid their attorneys the sum of $23,097.11 for the services rendered by such attorneys in the litigation. Johnson & Edwards were not parties to the action and it did not appear that it was necessary to the proper defense of the action that they should have employed separate attorneys.

*Held*, that Johnson & Edwards were not entitled to recover the sum which they paid to their attorneys from the Atlas Improvement Company and Flynn under the quoted clause of the agreement of April 12, 1894, by the terms of which The Atlas Improvement Company and Flynn agreed to bear the expense of all actions and legal proceedings necessary for obtaining and maintaining the franchises of the railroad companies.

INGRAHAM, J., dissented.

APPEAL by the plaintiff, James M. Edwards, as surviving partner of the firm of Johnson & Edwards, from a judgment of the Supreme Court in favor of the defendant, The Atlas Improvement Company, entered in the office of the clerk of the county of New York on the 29th day of July, 1904, upon the decision of the court rendered after a trial at the New York Special Term.

*Samuel B. Clarke*, for the appellant.

*Augustus Van Wyck*, for the respondents.

LAUGHLIN, J.:

The appeal involves but a single question and it depends upon the construction of a written contract. Prior to the 2d day of April, 1894, the respondent company had undertaken the completion of a contract between one Boland and the Nassau Electric Railroad

Company for acquiring and perfecting the right and franchise to build and operate an electric street surface railroad in Kings county upon the route of said railroad company and upon the routes of the Kings County Electric Railway Company, the Coney Island, Fort Hamilton and Brooklyn Railroad Company, and the Union Railway Company of the City of Brooklyn and to construct and equip the railroad for operation and the plaintiffs had negotiated for the work of construction and equipment embraced in said contract. On the day last mentioned the plaintiffs and the defendant company made a contract in writing for the division of the stock and bonds of the Nassau Electric Railroad Company, to which it was contemplated that plaintiffs would be entitled if they took the contract for the construction and equipment, and containing covenants and agreements with a view to enabling the railroad companies to contract with the plaintiffs for such construction and equipment. Thereafter and on the 12th day of April, 1894, the plaintiffs and the defendants made a contract, reciting that it was contemplated that the plaintiffs should obtain a contract for the construction and equipment of said railroads, reciting the division of the stock and bonds to be made between the plaintiffs and the defendant company nd containing a covenant on the part of the defendants that the railroad companies then had or would obtain the right to construct, equip and operate at least.fifteen miles of continuous double track during the year 1894 on either of two routes therein specified and for the construction, equipment and operation of the remainder of the railroad prior to the 1st day of June, 1897. Then follows the clause, on the construction of which the appeal depends, as follows:

"II. Atlas (meaning The Atlas Improvement Company) and Flynn (meaning the defendant) jointly and severally further agree to be at the expense of all actions and legal proceedings necessary for obtaining or maintaining the franchises of the said railroad companies to construct, maintain and operate the proposed railroad on the routes mentioned in said construction contract till, as to each separate action or proceeding, as it may be necessary to bring or defend, one favorable judicial decision has been obtained, all further expense in any action or proceeding after one favorable judicial decision has been obtained to be borne by the said Nassau Electric Railroad Company; but after all consents, franchises, etc., necessary

for the construction, equipment and operation of fifteen miles of continuous double track during the year 1894 on either routes 4 and 8 or on routes 5 and 7 aforesaid shall have been provided, the obligations of Atlas and Flynn under this and the preceding article shall not extend further as to other portions of said railroad than to actions or proceedings which may be brought or actually pending prior to ninety days after any such portion of the railroad shall be completed and in operation pursuant to said construction contract. Provided, however, that Atlas and Flynn shall be released from their obligations under this and the preceding article as to any portion of said railroad other than the fifteen miles of continuous double track to be constructed in 1894 if the construction and operation of such portion shall be prevented by hostile legislation, or if they shall pay all expense necessary for obtaining a decision of the court ·of last resort as to such portion whether such decision shall be favorable or adverse."

The defendants further covenanted that at the time of signing the construction contract the railroad companies should be free from debt, and that they would pay all debts and obligations of the companies then existing or theretofore originated, and that thereafter and until the plaintiffs should elect a majority of the board of directors of the Nassau Company, by virtue of the ownership of the stock to be acquired under the construction contract, no debt or obligation should be incurred without their consent, and that the defendants would pay and extinguish any such debt incurred without such consent. The contract further provided for defraying any expense of the railroad companies that might be incurred by consent of the plaintiffs, and contained an agreement supplemental to the agreement of April 2, 1894, with respect to the ownership and holding of certain stock and bonds to be received by the plaintiffs under the construction contract. Subsequently and on the sixteenth day of the same month the plaintiffs and said railroad companies entered into a contract for the construction and equipment of the railroad along the routes specified, and thereafter the plaintiffs entered upon the work of construction.

The validity of a resolution of the common council of the city of Brooklyn adopted on the 19th day of June, 1893, on the application of the Nassau Company and the Kings County Company granting

the right to construct a railroad along certain routes therein speci-
fied was essential to the right to construct the fifteen miles of
double track during the year 1894 along either route specified in
the agreement of April 12, 1894. On the 8th day of December,
1893, one John Adamson, a property owner along the route, brought
a taxpayer's action in the Supreme Court, Kings county, against the
Nassau Company, the Kings County Company, the city of Brooklyn
and others to annul said grant by the common council of the city of
Brooklyn on the 19th day of June, 1893, and to enjoin the con-
struction of the railroad thereunder. The railroad companies
appeared in that action by their respective attorneys, who were both
reputable and competent. This action was pending at the time the
agreement of April 12, 1894, was made. There is no claim that it
was not being properly defended or that there was any neglect in
bringing the issues to trial. Before the trial came on, however, the
plaintiffs had expended upwards of $1,000,000 and incurred further
extensive liabilities in the construction of the road along the route
involved in that action. The plaintiffs were not parties to the action
nor were they enjoined, but inasmuch as they were agents of the
railroad companies and their only authority for the construction was
the grant of the common council under which the contract with
them was made, they would be affected by the final judgment if
adverse to the railroad.

The appeal brings up the judgment roll only. The plaintiffs
employed Messrs. Root & Clarke, who took part in the action, by
consent of the defendants herein and of the railroad companies the
defendants therein, prior to and upon the trial which resulted in a
judgment on the 11th day of May, 1895, annulling the grant and
enjoining the companies, their agents, servants and employees, and on
an appeal taken to the General Term, which resulted in a reversal and
the dismissal of the complaint in July, 1895. (*Adamson* v. *Nassau
Electric R. R. Co.*, 89 Hun, 261.) The reasonable value of the
services and the amount of necessary disbursements of these attor-
neys was $23,097.11, which the plaintiffs paid and upon the trial
hereof sought to recover of the defendants. Recovery was refused
and the correctness of the decision in this regard is the ques-
tion presented by the appeal. Upon this point the court found:
"Plaintiffs employed their own counsel, Messrs. Root & Clarke,

for the defense of said action, and, by consent of defendants in this action and of said railroad companies, said Root & Clarke appeared for said railroad companies with Mr. Church and Mr. Allen, reputable lawyers employed by defendants in the defense of said action." The plaintiffs were of course interested in the result of the litigation for they had already invested a vast amount of money and incurred additional extensive liabilities and their right to complete the contract work necessarily depended upon the result of the litigation. The action was pending, however, at the time the contract upon which the plaintiffs rely was made. We think it would not be a reasonable construction of the provision of the contract of April 12, 1894, by which the defendants agreed to be at the expense of all the actions and legal proceedings necessary for obtaining or maintaining the franchises of the railroad companies, to hold that it contemplated that the plaintiffs should be at liberty to employ their own attorneys to take part in the prosecution or defense of any litigation regardless of whether they were parties thereto or not and regardless of the necessity therefor. It is to be borne in mind that the plaintiffs were not parties to the litigation and that there is no finding that it was necessary to a proper defense of the action that these or any attorneys should have been employed by them in these circumstances. The mere fact that the defendants and the railroad companies consented to the plaintiffs' attorneys co-operating and taking part with the attorneys for the railroad company in the defense of the action does not, we think, render the defendants liable to the plaintiffs under this agreement. The consent of the defendants is explainable on the theory that they being responsible to the railroads under their contract to obtain valid franchises, either had charge of the defense of the action or were liable for the expense thereof.

It follows, therefore, that the judgment should be affirmed, with costs.

VAN BRUNT, P. J., McLAUGHLIN and HATCH, JJ., concurred; INGRAHAM, J., dissented.

INGRAHAM, J. (dissenting):

I do not concur in the prevailing opinion. I think that when the plaintiffs employed Root & Clarke to assist in the defense of the

action, which involved the validity of the consent necessary for the construction of the road, and by the consent of the defendants and the railroad company Root & Clarke appeared for said railroad company upon the trial of the action, and assisted in the defense, the fees of Root & Clarke were an expense in an action the defense of which was necessary for maintaining the franchise of the railroad company; and thus, under the 2d clause of the contract, the defendants became liable for the fees of Root & Clarke. The defendants having agreed to pay the expense of all actions and legal proceedings necessary for maintaining the franchises of the said railroad companies to construct, maintain and operate the proposed railroad, the necessary legal expenses in defending the action specified were an obligation assumed by the defendants, and when the plaintiffs, who under this contract had invested a large sum of money in the construction of the railroad, employed counsel to assist in the defense of the action, and such counsel with the consent of the defendants and the railroad companies appeared and took part in the defense and rendered services in defeating the action, the fees of Root & Clarke were just as much an expense in the defense of the action as were the fees of Mr. Choate, who was also engaged as counsel for the defendants and whose fee was allowed by the referee.

I think the judgment should be modified by including in it the amount which it is conceded was paid to Root & Clarke as their fees in the defense of that action.

Judgment affirmed, with costs.